### HOWES' EXECUTOR *vs.* WOODRUFF.

An agreement in writing entered into in 1822, to pay a sum certain with interest from 1 July, 1816, after deducting therefrom all equitable set-offs; the parties stipulating at the same time, when it should be convenient to make a final settlement, that the agreement then entered into might be taken up by giving a judgment at the option of the debtor, will not support an action either upon the *original indebtedness*, or upon the *new obligation* where the creditor does not commence his suit until after the lapse of six years and a plea of the *statute of limitations* is interposed.

THIS was an action of *assumpsit*, tried at the Livingston circuit in March, 1836, before the Hon. ADDISON GARDNER, then one of the circuit judges.

The defendant pleaded non-assumpsit and *the statute of limitations*. The plaintiff gave in evidence a paper signed by the defendant as follows : "August 6, 1822. This day settled with John Van Fossen, one of the executors of Wm. Howes, deceased, and found due the estate of said Howes, as appears from the books and papers in the hands of said executor, $340 35 and interest from July 1, 1816, which I agree to pay said Van Fossen, after deducting therefrom the amount of such equitable accounts or offsets as I may have against said deceased." On the back of this paper was an endorsement signed by both parties as follows : "It is hereby agreed, that whenever it is convenient to make a final settlement of the account for which the within note was conditionally given, that the said note may be taken up by giving a judgment at the discretion of the signer." On the 28th and 29th of December, 1835, the plaintiff presented these papers, together with various papers said to be the basis of the account on the part of the estate, to the defendant, and demanded of him a fulfilment of the contract. The defendant produced no account as a set-off—but said his papers were scattered and gone, and he owed the plaintiff nothing. The plaintiff commenced this suit in January term, 1836, and on the argument of the case insisted that the two instruments must be construed together as making one contract—that the liability of the defendant was contingent, and

that no right of action accrued until the demand of a final settlement. Verdict for the plaintiff for $811 38, the amount mentioned in the contract, with interest from 1816, subject to the opinion of the court on a case, with leave to either party to turn the same into a special verdict or bill of exceptions.

*J. A. Spencer,* for the plaintiff.

*O. Hastings & M. T. Reynolds,* for defendant.

*By the Court,* BRONSON, J. The plaintiff is right in saying that both of these instruments must be construed together as making one contract or stipulation ; but he is wrong in contending that the right of action did not accrue until the demand of a final settlement. The good sense of the transaction seems to be this : Howes, the testator, and the defendant had had dealings with each other, on which a balance was supposed to be due to the testator. These dealings had probably terminated as far back as 1816, for the defendant agreed to pay interest from that time. In 1822, the statute of limitations had nearly or quite run, and the executor wanted such a promise or acknowledgment as would save the claim from the operation of the statute. For some reason, the parties only examine one side of the account ; probably the defendant was not prepared at that time to exhibit his demands. The parties sit down and find that the testator's side of the account amounted to $340 35, and that sum, after deducting his set-off, the defendant agreed to pay. It was added, that whenever it should be convenient to make a final settlement of the account, the defendant might take up the note on giving a judgment. Nothing further is done until after the statute of limitations had more than twice run upon the new promise, and then the plaintiff demands a final settlement, and brings this action. It cannot, I think, be maintained without proving a new promise or acknowledgment within the last six years before suit brought.

The original cause of action was neither extinguished nor suspended by the arrangement in 1822. The plaintiff might have sued the next day, and used the new promise or acknowledgment, both as an evidence of the extent of his demand, and as an answer to the statute, had it been pleaded. The defendant might have produced his set-off and had it allowed ; but he would have had no other answer to the action. It is impossible to maintain that the right to sue upon the original cause of action was suspended for a moment by the partial adjustment in 1822.

The plaintiff seeks to avoid this difficulty by counting on the new promise as a new and independent contract. It is not entirely clear that a good count can be framed on that instrument. It is rather an acknowledgment of liability upon a prior contract, than a distinct independent undertaking. But waiving this consideration, the plaintiff has, in declaring, put a wrong construction on the contract. He treats it, in effect, as an undertaking on the part of the defendant *to make a final settlement when required to do so by the plaintiff*. Now, I think, there was no *promise* to make *a final settlement* at any time. The *promise* was, to pay *the specified sum*, or so much as should remain after allowing the set-off. The defendant reserved the right to bring in his claims, and he also reserved the *privilege* of substituting a judgment for the note (as it was called) whenever, or *if* a final settlement should be made.

But suppose there was a promise to settle, it was not an undertaking to do so *when required by the plaintiff*. The language is, " whenever it is *convenient* to make a final settlement." The legal effect of such a stipulation, is, I think, that the act shall be done *within a reasonable time*. It cannot mean that the thing shall be done on the *demand of the party*, for then he might demand immediately, and before a proper time had elapsed. " Convenient," as here used must mean such a time for doing the act, as under all the circumstances of the case should be reasonable.

If the plaintiff had counted upon a promise to settle within *a reasonable time*, or if such was the legal effect of the undertaking, the statute had twice run after that reasonable

time had elapsed, before this action was brought. Until something appears to the contrary, we cannot say that more than a month or two was necessary for adjusting a small amount like this, and more than 13 years had elapsed before suit brought.

The plaintiff's case rests, I think, on the common counts. He is thrown back upon the original cause of action, which seems to have accrued about 23 years ago. He has an acknowledgment or new promise in 1822, but the statute has run upon that, and the action cannot be maintained.

Judgment for defendant.