By the Court. Duer, J.
The question which directly arises upon the pleadings is, whether the charter-party set forth in the answer, and admitted by the reply, must not bo held to contain the whole agreement of the parties, upon the subject to which it relates, and, consequently, to have superseded entirely the prior agreement set forth in the complaint, upon the alleged breach of which alone this action is founded. Upon this ■ question we had some doubts upon the argument, but are now satisfied that the necessary legal construction of the charter-party is that, which has been stated, and that the complaint was, therefore, properly dismissed.
The argument, upon the part of the plaintiff, rests wholly upon the assertion, that the charter-party covered only the voyage from Baltimore to Havre, and embraced no stipulation whatever relative to the intermediate voyage from Boston to Baltimore. The prior agreement, that the vessel should pro *292 ceed without delay from Boston to Baltimore, it was insisted, was distinct and independent, and as it was entirely consistent with the terms of the charter-party, that, so far from being superseded and extinguished, it retained all its original force. The plaintiffs had, therefore, an unquestionable right to maintain an action for its violation.
It was, however, very properly admitted by the learned counsel for the plaintiffs, that had the charter-party contained an express stipulation that the vessel, for the purpose of receiving her cargo, should proceed within a reasonable time, or without an unreasonable delay, from Boston to her port of lading, no evidence of the prior agreement, without a departure from the established rules of law, could have been received. The conclusion, it was admitted, could not then have been resisted, that the charter-party embraced the whole contract of the parties, and that the plaintiffs could maintain no action not founded upon a breach of its provisions. It is, therefore, upon the mere silence of the charter-party, the absence of any express provision relating to the voyage from Boston, that the right of the plaintiffs to maintain the action confessedly depends.
We are, however, clearly of opinion, that the inference which has been drawn from this silence of their written contract, that the parties meant to be governed in part by their prior agreement, is wholly unwarranted. The true inference is, that they were willing to abide by the construction which they knew the law would giye to their contract, and deemed it unnecessary to insert a provision, which would have expressed no more than, in its absence, the law would certainly imply. It cannot be doubted, we apprehend, that in the absence of a positive stipulation, the legal construction of a charter-party is that the voyage described shall be commenced without unreasonable delay; and the law, with some exceptions created by usage, is settled, that evidence to alter the legal construction of a written contract can no more be admitted than to contradict or vary its positive terms. The position, therefore, upon which, as has been stated, the whole case of the plaintiff is rested, we must hold to be groundless. It is not true that the charter-party was confined to the voyage from Baltimore *293 to Havre. It was known, to the parties, and is so stated in the charter-party itself, that the ship was then lying in the harbor of Boston, and, consequently, that she must proceed from that port to Baltimore in order to commence her stipulated voyage. This necessary coasting voyage was therefore as much in the contemplation of the parties as the outward voyage to Havre, and was just as certainly within the scope and provisions of their contract; for, although not embraced by its terms, it was so', by its reasonable and legal construction. The contract imposed it as a duty upon the defendants to cause the vessel to proceed, without unnecessary delay, from Baltimore to Havre, and the performance of this duty necessarily involved that of causing her to proceed, without unnecessary delay, from Boston to Baltimore. If this delay at Boston has, in fact, occurred, the plaintiffs may be entitled to recover the damages they may have sustained in an action upon the charter-party itself, but they cannot be entitled to recover them in an action upon an ,, agreement, which, by the subsequent conclusion of the charter-party, was wholly extinguished.
To prove that the legal construction of the charter-party is that which.we have stated, we shall content ourselves with referring to the single case of McAndrew v. Adams (1 Bing. M. C. 29), which, stamped as it is with the approbation of Lord Tenterden (Abbott on Ship. 255), we regard as a decisive authority. In that case, the defendant, the master of the ship, had agreed by charter-party to go in ballast from Portsmouth to St. Michael’s in the Azores, and bring back a cargo of fruit direct to London. The charter-party was dated on the 20th of October, and contained no stipulation as to the time within which the voyage from Portsmouth should be commenced, but the court held that the absence of such a provision did not affect the right of the plaintiff, the charterer, to recover the damages it was alleged he had sustained from an unnecessary delay in the commencement of the voyage, and it appearing that it was not in fact commenced until the 6th of December, the delay, taking into consideration all the circumstances of the case, and particularly the nature of the trade, was adjudged to be unreasonable. It is evident that the voyage from Portsmouth in that case bears an exact resemblance to the voyage *294 from Boston in the present; it was not a voyage on which any part of the freight was to be earned, but was necessary to be performed, to enable the vessel to take on board her stipulated cargo.
The proposition that the legal construction of a contract in writing, upon a question in relation to which its terms are silent, cannot be' varied by evidence of an inconsistent agreement, prior or contemporaneous, is sustained by two express decisions of our Supreme Court, which we hold ourselves bound to follow. In La Farge v. Richert (5 Wend. 187), the defendant had bound himself in writing to deliver certain portable goods to the plaintiff on or before a certain day, but no place for the delivery was mentioned in the contract.. The defence was, that by the parole agreement of the parties the goods were to be delivered on the premises of the defendant, and that on the appointed day this delivery was actually tendered. This defence was, however, overruled by the court, upon the ground 'that the construction which the law gave to the contract required the delivery to be made at the residence of the plaintiff, and that this construction could not be varied by the evidence that was offered.
In Creevy v. Holly (14 Wend. 26), the action was brought by a shipper against the owners of the vessel, for the loss of goods stored upon deck; and the claim was resisted upon the ground that, by the express understanding of the parties, the goods in question were to be carried on deck.
It was, however, held by the court, that the bill of lading, which was the proper evidence of the contract, by its legal construction, although not by its terms, imposed it as a duty upon the defendants to transport the goods under deck; and Ch. J. Kelson said, that as “ such was the judgment of law upon the contract, parole evidence was just as inadmissible to alter it as if the duty had been imposed by express terms.”
We are deeply convinced of the wisdom of the law in excluding all evidence of prior declarations or agreements of the parties when their final contract has been reduced to writing (2 Kent’s Com. 556 ; 1 Greenleaf on Ev. § 275); and we, are not at all disposed to weaken the force of the rule by creating an arbitrary exception. We think we should create such an *295 exception by admitting the right of the plaintiffs to maintain their present action, and must therefore affirm, with costs, the judgment at special term, dismissing their complaint.