## John Dudgeon v. Allen Haggart.

*Practice in Circuit Court: Construction of written instruments: Payment.* In an action by a surety for money paid, defendant offered in evidence the following receipt signed by plaintiff : "I have this day received of A. H. $500 in money, a note for $231, and also an assignment of his interest in a claim against the Rail Road Company to secure me $269, agreeable to said instrument of assignment, which is in full of all claims and accounts against said A. H. to date."

The assignment referred to was appended to the receipt and referred to a claim of $875, which was to be applied towards the payment of said $269 when collected. Both instruments were made at the same time, and related wholly to the same subject matter. There was no evidence of its collection.

*Held*, That it was the duty of the court, and not the jury, to interpret them, and in so doing to read and construe them together as parts of a single transaction.

*Held further*, That said receipt and assignment did not, as matter of law import payment.

*Heard July 11th. Decided October 7th.*

Error to Kalamazoo Circuit.

This was an action by plaintiff to recover a sum of money paid by him as surety upon a note.

The declaration contained a special count and the common counts.

The defendant pleaded the general issue and gave notice of special matter.

A verdict was rendered for the defendant.

The facts are stated in the opinion.

*Stuart, Edwards & May*, and *H. F. Severens*, for plaintiff in error.

1.  Misapprehension of the court as to a material fact, and the direction to the jury accordingly, are said to be unmistakable grounds for reversal of the judgment. — *1 Bailey, 482, 235; 1 Rep. Const. Ct. 200.*

2.  A receipt purporting to be a payment in full, together with a conditional assignment of a certain claim, was offered in evidence, and submitted by the court to the jury for their consideration. This was error. It was a matter of law; and for the court and not for the jury. — *2 Ind. 617; 4 Id. 154, 248; 2 Pars. on Cont. 4 and note b.*

Where there are two instruments relating to the same transaction, they should be construed together. — *4 Blackf. 341; 1 Ind. 267; 11 Id. 236; 13 Id. 496; Walk. Ch. 56, 206, 361; 1 Mich. 202, 421; 2 Doug. 16.*

3.  It was error to instruct the jury that as matter of law the parties intended the assignment as payment, and not as collateral security.

These papers construed separately or together do not denote payment. They mean security for the sum of $269, and nothing more.

4.  The giving and accepting of a smaller sum of money in payment or satisfaction of a larger one due, is not a valid discharge, and can not be pleaded either as payment or as an accord and satisfaction. — *9 Johns. 332; 2 Id. 448; 27 Me. 370, 378; 20 Conn. 559; 2 Strobhart, 203; 5 Gill. 218; 6 Cush. 150; 3 Barb. Ch. Rep. 621; 15 Ind. 371.*

5.  It is error to give contradictory instructions to a jury — also an uncertain charge. — *12 Vt. 60; 1 Met. (Ky.) 83; 15 Gratt. 230.*

*a.* As is implied in the language of the court, we requested the court to construe the writings and to say that they imported security and not payment. Now if we were in error in assuming that it was the business of the court

to construe these writings and it was a question for the jury, the court committed error in charging as it did that the language of the papers imported payment, and not security.

If, in response to a request which is erroneous, the court should charge erroneously upon that point, the party in-, jured may well complain.—*32 Ill. 281.*

*b.* If the charge means anything, the jury were permitted to inspect and examine these writings to see if they' imported full payment and satisfaction, and at the same time the jury was told that these writings meant payment and not˜security.

*May & Buck,* attorneys for defendant in error, furnished no brief.

GRAVES J.

Dudgeon sued Haggart in the court below to recover an amount paid by him as surety for Haggart upon a note of $1,300 to Woodbury, Potter and Wood. The declaration embraced the common counts in assumpsit, and a special count containing the facts connected with the undertaking.

The damages were laid at $1,000. The general issue was pleaded, accompanied by a notice of set-off, and that the defendant would give in evidence on the trial under the issue, that on or about the 10th of May, 1865, the defendant, to secure the plaintiff the payment of $269, or that portion of it not theretofore or otherwise paid or secured, did, in writing, sell and assign to the plaintiff the claim for $825, then held by defendant against the New York and Erie Rail Road Company, and authorized the plaintiff to collect it and out of the proceeds to pay himself whatever of the $269 remained unpaid, and required him to account for the balance; that on the 27th of September, 1865, the plaintiff settled, withdrew and abandoned the claim against

the company, and received from them in full for said claim $262.50.

It does not appear that upon the trial any question was made as to the original liability of Haggart, but it seems to have been contended on the part of the latter that such liability was subsequently extinguished by what the defendant called a full settlement on the 10th of May, 1865. It appears that the parties met together at that time for the purpose of effecting some adjustment of the business connected with the payment of the note by the plaintiff, and, that after some controversy, an arrangement was effected, which was reduced to writing in two parts; one being executed by Haggart, and the other by Dudgeon.

One Stafford, a witness called for the defendant, testified that he was present at the meeting of the parties on the 10th of May, 1865; that the plaintiff presented the note which had been given to Woodbury, Potter & Wood, and claimed that he had paid its face and some interest, and agreed that he would throw off $300 and the interest, leaving his due just $1,000; that the defendant paid the plaintiff $500 in money, and a note of William King's of $231, and gave the plaintiff an assignment of a claim for damages against the New York and Erie Railroad Company; that it was then and there agreed between Dudgeon and Haggart that the $500 in money, the King note and the assignment should be in full payment and satisfaction of Dudgeon's claim against Haggart; that Dudgeon agreed to give Haggart a receipt, and that the witness called at Dudgeon's office and received it.

The witness produced the receipt, and also identified the assignment, which was attested by him.

The counsel for the plaintiff admitted that the transaction between the parties on the 10th of May was correctly stated by the witness Stafford, except as to the reception of the cash, note and assignment in full payment and satisfaction.

The assignment and receipt referred to were submitted in evidence, and were as follows: "Whereas, I am indebted to John Dudgeon in the sum of $269, and which said sum I desire to pay, or secure to be paid; now, therefore, for the purpose of securing the portion of said claim not heretofore or otherwise paid or secured, I do hereby sell, assign, transfer and set over unto said John Dudgeon a claim, and the only claim, which I have and hold against the New York and Erie Rail Road Company, for damages which occurred about the month of March, A. D. 1865, and resulting from injuries to cattle being transported over the road of said company, which said claim is for the sum of $875; and I do hereby, by virtue of this assignment, authorize the said John Dudgeon to collect the same in my name or otherwise, to pay himself from the proceeds whatever of his demand remains unpaid, and the balance collected the said Dudgeon is to account to me. *A. Haggart. Dated May 10, 1865.* In presence of Silas Stafford."

"I have this day received of Allen Haggart a certain sum of money, say $500, and a note against William King for $231, and also an assignment of his (Haggart's) interest to a claim against New York and Erie Rail Road, to secure me in the sum of $269, agreeable to said assigned instrument, which is in full of all claims and accounts against said Haggart, to date. *John Dudgeon, Kal., May 10, 1865.*"

It distinctly appears, by the bill of exceptions, that no evidence was given tending to show that Dudgeon had obtained anything on the claim against the Erie Rail Road Company, while he himself testified that he had received nothing upon it.

It is therefore manifest that the only subject open to controversy, on the trial, was the transaction of the 10th of May. If what occurred at that time was a complete settlement, or executed accord and satisfaction of the cause

of action which accrued to Dudgeon upon his payment of the note, then there was no foundation for the suit.

If, however, that arrangement involved only the securing of the whole or of a portion of the plaintiff's demand, instead of the satisfaction of it, the action was of course maintainable for the sum remaining unsatisfied.

It is only necessary to examine two of the points presented in order to decide the case: One arises upon the refusal of the Circuit Judge to charge as requested; and the other is based upon a portion of the charge as actually given, and both may be considered together.

The instruction sought and refused was, "that, upon the facts proved, the plaintiff was entitled to a verdict," and the portion of the charge alluded to, embraces the 15th, 16th, and 17th paragraphs, reading as follows:

"15. As the receipt and assignment were a part of the *res gestæ* in the transaction claimed by the defendant to have been a full settlement, and by the plaintiff to have been only a partial one, and as the court has referred the question thus raised as a matter of fact for the jury to find, and in view of all the testimony submitted to them, either oral or written, the jury will have the right to inspect these papers so far as may be necessary to determine the question or point thus submitted to them."

"16. When there is a seeming discrepancy between portions of a written instrument, or between different instruments, where parts of one entire transaction, the rule, after giving the language its fair legal import, is, if possible, to give the instrument such a construction as will harmonize all the parts and give effect and coherence to the whole, agreeable to the intent of the parties. Such intent is to be gathered from the evidence, oral and written, before us."

"17. After provision made for the $500 in cash, and the King note of $231, the sum of $269 alone remained to be provided for. The claim to be assigned was for $825. An absolute assignment of that claim in payment of the

$269 would have extinguished any claim of the defendant to the surplus, whereas, by the last clause of the assignment it is evident that the parties did not so intend. If, then, the words 'to secure,' 'securing,' 'secured,' are held to import, in their connection in the papers, a simple limitation as to the extent to which the assignment was to reach, and not as to its character, whether collateral or final by payment, the difficulty in harmonizing the whole disappears. The receipt was the last paper drawn, and done in view of the whole transaction, and its language, without other qualification, imports payment and satisfaction, and, taken together, we think the assignment and receipt, by a fair and legitimate construction, may be regarded as importing the same. We should have felt inclined to remit the whole question, as a mixed one of law and fact, to the jury, but for the especial request of the plaintiff's counsel."

It is very evident that the 15th and 16th paragraphs of the charge standing by themselves would imply that the judge submitted the question of settlement and satisfaction to the jury as one to be determined by them upon all the evidence, oral and written. But the 17th paragraph is inconsistent with that supposition. In that portion of the charge the jury were specifically instructed that the papers, by legitimate construction, and in view of the whole transaction, imported payment and satisfaction.

This was a direct, explicit and decisive charge, which necessitated a verdict against the plaintiff. It was probably designed to supersede, and was understood as superseding the former inconsistent direction, and was occasioned by an express request to charge upon the very point.

The decision of the case depended entirely upon the construction of the written instruments submitted in evidence, and not upon any opinion of the jury upon verbal testimony or inferences to be drawn from facts. These instruments were made by the parties at the same time, and related wholly to the same subject matter, and it was the

duty of the court, and not of the jury to interpret them, and, in so doing, to read and construe them together as parts of a single transaction, and not as instruments alien in their origin, object, or subject matter. — *Wisner v. Davenport, 5 Mich. 501; Penn. Mining Co. v. Brady & Co. 16 Id. 332; Jones v. Phelps, 5 Id. 218; Adair v. Adair, Id. 204; Holmes v. Hall, 8 Id. 66; Rice v. Dwight Man. Co. 2 Cush. 80; Noble v. Bosworth, 19 Pick. 314; Stevens v. Cooper, 1 Johns. Ch. 425; 9 Cow. 754; Thompson v. Ketcham, 8 J. R. 190; Renard v. Sampson, 2 Duer, 285; Blossom v. Griffin, 13 N. Y. 569; Lake Ontario R. R. Co. v. Mason, 16 Id. 451; Rawson v. Lampson, 5 Id. 456; Norton and Norton v. Coons, 3 Denio, 130; Howe's Executor v. Woodruff, 21 Wend. 640; Bronson v. Green, Walker's Ch. 56; Norris v. Showerman, Id. 206; Same case, 2 Doug. 16; Bird v. Hamilton, Walker's Ch. 361; Street v. Dow and Bort, Harrington Ch. R. 427; Meads and Schuyler, v. Lansingh, Hopkins, R. 124; Smith v. Faulkner et al. 12 Gray, 251; Hutchinson v. Bowker, 5 Mees. and Wels. 535; Turner et al. v. Yates, 16 How. 14; Macbeath v. Haldimand, 1 Term, 172, 180, per Lord Mansfield; United States v. Nicholl, 12 Wheat. 505, 510; Jackson v. Dunsbagh, 1 Johns. cases, 92.*

Was the Circuit Judge correct in stating, as law to the jury, that the assignment and receipt imported payment? We are all of opinion that he was not.

The reception of the claim against the Erie Rail Road Company did not constitute payment unless Dudgeon agreed to accept it in that manner. — *Gardner v. Gorham, 1 Doug. 507; Vail v. Foster, 4 Comstock, 312; Coonley v. Coonley, Lalor's Supp. 312; and note a.* And whether he so agreed could only be ascertained by recurring to the writings which the parties had made the repository of their understanding on the subject.

These writings, though inartificially drawn, appear to us to prove that the $500 in money, and the note of King for $231, were received in payment of an equivalent amount of

the plaintiff's demand, but that the large claim against the Railroad Company was transferred and received as security only for the balance of that demand.

That Haggart did not intend to surrender or transfer to Dudgeon, absolutely and without recall, the whole claim with all its fruits against the Railroad Company, is made certain by the terms of the assignment; and there is nothing in the papers to indicate that any particular portion, as distinguished from the residue, was the subject of such absolute disposition.

The bare transfer and reception of a thing in payment, amounts to an extinguishment of all right in the party transferring, to the thing transferred, and to the subsequent fruits of it, and implies an engagement not to re-assert any portion of such right; but the disposition of a thing, by way of security, is not only compatible with an existing right of the grantor, but in its own nature implies the retention, at the time, of some qualified right respecting it, by him.

In the present case the whole claim, and not merely a distinct or an undivided portion of it, was placed in the hands of Dudgeon, on the express understanding that he should be accountable to Haggart in some way for all of it. This was a clear disposition of the claim by way of security and not in payment or satisfaction; since the right to the account stipulated for was incompatible with that dominion signified by ownership, and involved in the transfer in satisfaction, and was entirely consistent with the holding as security.

We are therefore of opinion that there was error in the instruction, that the "assignment and receipt imported payment;" and also in the refusal to charge, that the plaintiff was entitled to recover.

The judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.