In the Matter of the Assignment of JAMES N. TOWNSEND
     and SAMUEL BAKER to CHARLES P. CROSBY, for
     Benefit of Creditors.

(Decided December 6th, 1886.)

Plaintiff, one of two assignors for benefit of creditors, brought suit in
    1872 against his assignee and the other assignor for an accounting. In
    May, 1873, he was paid a sum of money and signed a receipt therefor,
    " as per agreements and stipulations in settlement of.this action." In
    the same month a stipulation was entered into in the action, reciting
    the receipt of the money, whereby plaintiff agreed not to take any
    action relating to the settlement of the estate contrary to the terms of
    the stipulations previously executed relating to the dismissal of his
    action, and further agreed not to foment, procure, or instigate any
    litigation in the premises or affecting the estate or defendants' inter-
    ests, and that he would " abide the final settlement of said estate . . .
    and shall, upon such settlement being finally accomplished, receive a
    fair and just pro rata of any surplus," etc.   Held, that such stipula-
    tion did not constitute a full settlement of plaintiff's claims against the
    assignee, and would not prevent an application for an accounting in
    1885, thirteen years having elapsed in which the assignee had ample
    time to settle and make up his accounts; that the assignee, having
    distinctly recognized plaintiff's rights in the surplus, was estopped to
    deny the same; that plaintiff was not obliged to refund the money
    received from the assignor; and that the assignee could not take
    advantage of the delay in the application for an accounting, it being
    expressly for his benefit.

APPEAL from an order of this court directing an assignee
for benefit of creditors to file an account.

An assignment by James N. Townsend and Samuel
Baker for benefit of their creditors was made December
28th, 1867.   The assignors were adjudicated bankrupts in
1868, and in 1869 John Sedgwick, Esq., was appointed their
assignee in bankruptcy.

In 1872 the assignor Baker brought an action in the
Superior Court against Crosby, the assignee, and Townsend,
the other assignor, for an accounting.   In 1873 a proceed-
ing in relation to this assignment was instituted in this
court by said Baker against said Crosby.   On May 29th,

1873, a stipulation was entered into between Crosby and Baker's attorney, in said proceeding, as follows: "It is stipulated that the hearing of the motion, and that all further proceedings in this matter, may be and are hereby adjourned until such time as Charles P. Crosby, the assignee, shall serve a notice for any given day, to argue the motion herein made, or to take further proceedings in this matter; which notice shall be at least ten days in writing." On the same day, May 29th, 1873, the said Crosby and Baker's attorney entered into a stipulation in the Superior Court action as follows: "It is hereby stipulated that this action be stricken from the calendar, and shall not be placed thereon except on motion of defendant's counsel herein, on a notice of fourteen days to that effect, and that no further proceedings of any kind shall be taken in this action until such notice be given." On May 31st, 1873, Baker's attorney gave a receipt, entitled in the Superior Court action, to Crosby, for $2,000, "as per agreements and stipulations in settlement of this action," and for two notes of Baker made to the order of Crosby, payable on demand, one for $200, dated December 3d, 1870, and the other for $300, dated December 8th, 1870. Finally, thereafter said attorney for Baker delivered to Crosby a stipulation in the Superior Court action as follows: "The plaintiff herein having received the sum of two thousand ($2,000) dollars, in consideration of stipulations executed at even date with these presents. It is hereby stipulated on behalf of the plaintiff herein, that no action or proceeding on his part shall be taken in respect to the settlement of the estate of Townsend, Baker & Co., directly or indirectly, contrary to the terms of the stipulations so executed.

"It is furthermore stipulated on the part of the plaintiff, that he will neither foment any litigation, nor procure, directly or indirectly, any person to institute any action or proceeding in the premises or affecting said estate, and will not voluntarily do anything whatsoever that can in anywise affect the interest of the defendants or any of them in the premises.

" And that said plaintiff will abide the final settlement of said estate, he or his attorney receiving notice of the actual settlement thereof, with the divers creditors; and shall, upon such settlement being finally accomplished, receive a fair and just pro rata of any surplus that may be remaining in the hands of the assignee after the settlement, and liquidation and payment of all outstanding claims, including all costs of the assignee, and all proper charges to him or counsel employed in the liquidation of the matters of the said estate, and in any litigation connected therewith."

No proceedings were taken by said Crosby in said suit or proceeding, or for an accounting, from the time of said stipulations, May, 1873, to September, 1885, the date of the present application, upon petition of Baker, for an accounting by the assignee. From the order granting the application the assignee appealed.

*Henry E. Knox*, for the assignee, appellant.

*L. A. Gould*, for the assignor Baker, respondent.

J. F. DALY, J. — [After stating the facts as above.] — The assignee resists this application to compel him to account, upon four grounds, which will be separately considered.

In the first place, he contends that the stipulations of May, 1873, constitute a full settlement of all claims of the petitioner Baker against Crosby as assignee. It appears, however, from the last clause of the stipulation last quoted, that it was contemplated and understood between the parties that an accounting should be had at some time, and that of whatever surplus remained after paying the creditors, expenses, etc., the petitioner should receive his just and fair pro rata share, as one of the assignors. When that accounting was to take place was left to the discretion of the assignee; but unless we are to say that the stipulations amount to an absolute release, we must hold that, in the event of a continuing refusal or neglect of the assignee

to account, after a reasonable time has elapsed, the assignor has the right to invoke the aid of the court to compel such accounting. The stipulations are not releases ; they must be deemed to constitute an agreement by which it is left to the convenience of the assignee to settle up the estate, and to account and pay over the surplus, and, like agreements to pay, etc., when convenient, the obligation is to do so within a reasonable time (*Howe* v. *Woodruff*, 21 Wend. 640). The stipulation by the assignor that he would not take any action or proceeding "contrary to the terms of the stipulations," is conditioned, therefore, upon the as-signee's proceeding to settle the estate within a reasonable time. As thirteen years have elapsed since the stipulations were made, it seems that the assignee has had ample time to settle and make up his accounts. He shows nothing to the contrary, but contends that he is under no obligation to account. In this, I think, he errs.

The second ground of objection urged by the assignee is that the petitioner, by reason of the bankruptcy proceedings, has no interest in the surplus, and therefore no standing in court. It appears, however, by the stipulation of May, 1873 (made some years after the bankruptcy proceedings), that the assignee was to pay to the petitioner his pro rata of the surplus, and his interest was thus distinctly recog-nized. Having received the benefit of those stipulations, the assignee ought not now to be permitted to deny the rights and interest of the other party as therein admitted.

The third ground of opposition to the proceeding is, that the petitioner has not refunded any part of the $2,000 cash and neither of the two notes received on the execution of the stipulations. This ground is based upon the theory that in taking the present proceeding the petitioner is in some way disaffirming or repudiating the stipulations under which he received the cash and notes. But I think it is not necessary to rescind those agreements in order to obtain the accounting: on the contrary, they contemplate an ac-counting and payment. It is not pretended, besides, that the $2,500 so received was not paid out of the estate and is

not charged against the petitioner by the assignee in his accounts. In fact there is an admission that it was.

The last ground of defense is undue delay of petitioner in seeking this accounting, and that his laches should estop him. The answer to this objection is that the assignee secured, by the petitioner's attorney's stipulation, his own time to account, and that it was for him to move, as expressly provided therein, and not for the petitioner.

The order should be affirmed, with $10 costs and disbursements of appeal.

VAN HOESEN and BOOKSTAVER, JJ., concurred.

Order affirmed, with costs.