Merwin, J.
On the 11th October, 1878, the defendant made a promissory note, dated that day, for $300, payable in six months, to the order of D- P. Buckingham, with interest. This was duly endorsed by D. P. Buckingham and by H. P. Buckingham, and delivered for value to the plaintiffs before it became due. It became due on April 14, 1879, and was not paid. Afterwards, in order to secure the plaintiffs for the amount due on this note, the defendant assigned to the plaintiffs a bond and mortgage, given to inm by one Ira Tallman, which was dated January 15, 1877. This assignment was dated May 30, 1879, was under seal and was acknowledged by the defendant on 4th June, 1879.
*160 This transfer contained the following clause: “Whereas William J. McKee, of the city of Utica, Oneida county, N. Y., is indebted unto the firm of Daniel Crouse & Sons, composed of Daniel N. Crouse, John M. Crouse and Charles B. Crouse, of the same place, in the sum of $300, with interest thereon, from October 11, 1878, and protest, growing out of a promissory note made, executed and delivered by said McKee, for value received to one D. P. Buckingham, payee therein named, and by him endorsed to one H. P. Buckingham, and by said last named person endorsed and for value received duly transferred and delivered to said Daniel Crouse & Sons.
“The indebtedness of said William J. McKee, to said Daniel Crouse & Sons, being herein and hereby duly acknowledged and admitted, as above dated. Now, therefore, to secure the payments of said indebtedness by said McKee to said Daniel Crouse & Sons, know all men by these presents that I, William J. McKee above named, the party of the first part, to secure the payment of the said indebtedness by me to said firm,” then follows a transfer in ordinary form, of the mortgage, describing it and the accompanying bond, and providing that out of the moneys collected or paid on the bond and mortgage, the parties of the second part are to have and take “the debt, interest and protest aforesaid, and all costs, charges, expénses, ” etc., and the balance, if any, to be paid to McKee or his assigns.
The present action was commenced September 30th, 1886, the summons being dated February 4th, 1886.
The first question before me is on the statute of limitations The action was not commenced until more than six - years after the note became due and also more than six years after the execution of the transfer containing the ackn owledgment.
The statements or admissions in the transfer are, I have no doubt, sufficient to revive or continue liability on the note for six years after the date of the transfer, but that is not enough for the plaintiffs, and in that view they claim • First, that inasmuch as the transfer was under seal, and the note thereby acknowledged, the note in effect became a sealed note, and therefore good for twenty years. Second, that the ackowledgment in the transfer was in effect a new demand note under seal.
The fact of an unsealed note being recognized by an instrument under seal does not change the character of the note and give it the effect of a sealed instrument. Jackson v, Sackett, 7 Wend., 94.
Under the Code (§ 413) the objection that the action was not commenced within the time limited, can be taken only *161 by answer. The cause of action is, therefore, the original debt, and is to be counted on as such. Moak’s Van Santvoord’s Pl., 206; Sands v. St. John, 36 Barb., 631; 54 N. Y., 424; Angels on Limitations (6th ed.), § 288.
The statute is matter of defense, and whatever may be the character of the evidence used by the plaintiffs to avoid the defense, the nature of the cause of action is not changed by such evidence.
The original obligation is still the cause of action and if that is not under seal, it is barred within six years from the acknowledgment.
The plaintiffs in this case must either stand on the note or the instrument of May 30, 1879. If on the note, that' is barred by the six years’ limitations, if on the instrument of May 30, 1879, then the question is, and it is the main question in the case, will an action lie on that instrument ? There is in it no expressed promise to pay the debt, no agreement to pay it. Will a promise, or agreement, or covenant to pay, be inferred ? The agreement of the plaintiff in effect is that, if a promise will be inferred for the purpose of reviving or continuing the old debt, there is no reason why it should not, also, be inferred for the purpose of sustaining an action on the instrument itself; that it is in substance a due bill under seal.
There are some English cases that are quite definite to the proposition that on such an acknowledgment an action of covenant will not lie. The cases of Courtney v. Taylor (6 Manning & Granger, 851; S. C., 7 Scott N. R., 749), and Marryat v. Marryat (28 Beavan, 224), are very much like the present case. In both of those, there were sealed instruments, in the recitals of which the debt was expressly acknowledged, while the main object of the instrument was to secure it. In the latter case there was a transfer of property to secure the debt. The ground of the ruling seems to be that where the acknowledgment appears to have been made solely for a collateral purpose, an action will not lie upon it.
In Isaacson v. Harwood (L. R., 3 Chancery Appeal Cases, 227), it is said: Whatever words are used by a party to a deed, if he intends that they shall operate as a covenant, he will be held liable. If a debtor acknowledges a debt by a deed, under seal, without any other object declared by the deed, no doubt it must be assumed, that although no words of covenant are used, the debtor meant to be bound, or else why should he go through this form of executing the deed.
But, if there is a clear antecedent liability and no necessity for any acknowledgment, the parties, if they desired to *162 fix on the debtor a specialty obligation would have used unambiguous language for that purpose. See, also, Jackson v. N. E. Railway Co., 7 Ch. Div., 573; 23d Moak Eng. Rep., 715; Farrell v. Hilditch, 5 Com. Bench, N. S., 854; 94 E. C. L., 840.
The same view is taken in Douglas v. Hennessy (11 East. Rep.), 298, by the supreme court of Rhode Island.
I am cited to no cases in New York which reach the question. It seems to be a question of intent. If from the text of an agreement under seal, either in the body of the instrument or in the recitals or references, there is manifested a clear intention that one of the parties shall do certain acts, a covenant will be inferred, for non-performance of which an action of covenant will lie. Booth v. Cleveland Mill Co., 74 N. Y., 15.
When a contract is shown with technical accuracy, and with obvious attention to details, and there is an absence of language tending to a conclusion that the covenant or promise sought to be set up was intended, such covenant or promise will not be implied. Hudson Canal Co. v. Penn. Coal Co., 8 Wall. 276.
Applying these principles to the present case, it seems to me that I cannot fairly say that by; the instrument in question there is manifested any intention to furnish any new obligation against the defendant for the debt. The sole object of the paper was to furnish the plaintiffs security for the debt, and as a part of that idea or object and incident to its accomplishment, the amount of the debt was definitely fixed. The note had recently become due. and remained in the hands of the plaintiffs. There was no extension of time. The security transferred was on its face larger than the debt.
There was no occasion for any new obligation, but there was occasion to fix the amount unpaid on the note. As said by Judge Bronson, in Howe v. Woodruff (21 Wend., 642), “The acknowledgment is rather an acknowledgment of liability upon a prior contract than a distinct, independent indebtedness.”
The form of the expression, “ The indebtedness * * *" being herein and hereby duly acknowledged and admitted, as above stated,” rather repels any idea of a new contract-to pay, but on the contrary seems designed to be evidence, in relation to the prior contract.
Were the instrument nothing but an acknowledgment of its debt, then the authorities as to due bills might apply. Nor does it follow, because the acknowledgment would be sufficient to revive or continue the old debt- by inferring to a certain extent, a, promise to pay, that a promise would be inferred that would create a new obligation and change *163 materially its effect. Upon the latter subject the same rule of construction would have to be followed as on other similar contracts. 1
It seems to me therefore, especially in view of the rule established by the English cases, that I must hold that an action will not lie’on the instrument of 30th May, 1879.
It follows that the complaint must be dismissed.