SARMIENTO v. THE CATHERINE C.

1. MARITIME LIENS—ENFORCEMENT—RECOVERY.

In a proceeding to enforce a lien against a vessel for labor performed in its construction, a recovery cannot be had for an installment due when the work should be completed and accepted, where the work had not been completed at the time the lien was sought to be enforced.

2. SAME—AMENDMENTS—CONSTRUCTION OF STATUTE.

Section 8256, 2 How. Stat., providing that, in proceedings to enforce demands against water-craft, the complainant may, within 10 days after filing and service of answer, file and serve an amended complaint, must be construed in connection with the general statute of amendments (chapter 264, 2 How. Stat.), and does not operate to preclude amendments upon the trial.

3. SAME.

Hence, the complaint in such a proceeding may be amended upon the trial so as to show that the vessel was used, or intended to be used, in navigating the waters of this State.

4. SAME—SUFFICIENCY OF COMPLAINT—AGENCY.

An allegation that labor was performed at the request of the company having charge of the construction of the vessel is sufficient to show that the debt for which the lien is claimed was contracted by an agent of such craft.

5. SAME—WAIVER OF LIEN—PROMISSORY NOTE—PAYMENT.

A lien against water-craft is not waived by the act of the creditor in accepting a promissory note for the amount due, where the facts and circumstances fail to show an intention of the parties to treat the note as payment of the demand, and where a surrender of the note, it being unpaid at matu-

rity, is tendered by complainant before judgment is taken in
the cause.

6. PARTIES—LIMITED PARTNERSHIPS.

Under the rule that, when a limited partnership expires, the
partners become general partners if the business is continued
(1 How. Stat. § 2352), a suit upon a contract entered into
after the termination of a limited partnership is properly
brought in the names of all of the partners.

Appeal from Wayne; Carpenter, J.   Submitted May
6, 1896.   Decided July 8, 1896.

Proceedings by Frank J. Sarmiento and Charles C.
Bowen, copartners as F. J. Sarmiento & Company, to
enforce a lien under the water-craft law against the
steamer Catherine C.   The Davis Boat & Oar Company,
as principal, and George S. Davis, as surety, gave the
statutory bond for the release of the vessel.   From the
judgment rendered, all parties appeal.   Affirmed.

*E. A. Gott* (*Alfred Russell*, of counsel), for complain-
ants.

*Ed. E. Kane*, for defendant Boat & Oar Company.

*Russel & Campbell*, for defendant Davis.

LONG, C. J.   March 20, 1893, the Davis Boat & Oar
Company, having a contract with Michael Cudahy, of
Chicago, for the construction of a steam yacht, to be
called the "Catherine C.," entered into a contract with
F. J. Sarmiento & Co. for the interior finish and deck
houses of the vessel.   The price was $3,550, payable,
$1,183.33 when the wood was delivered, $1,183.33 when
the same was in place and fastened, and balance, $1,183.-
34, when the work was completed and accepted.   The
work of Sarmiento & Co. was considerably delayed, and
the first payment was made upon the contract, as follows:
The Davis Boat & Oar Company was building another
yacht, known as the "Davis Yacht," and Sarmiento &
Co. had the contract for the interior work on that.   A

partial payment was due upon this latter contract as the first installment became due under the contract on the Catherine C. The president of the Davis Boat & Oar Company, on July 20, 1893, inclosed a note to Sarmiento & Co. for $2,449.99, in the letter stating it to be "first payment on Davis yacht interior and Catherine C. interior, with understanding that the Davis yacht delivery is made before it matures." Sarmiento & Co., upon receipt of the note, credited it on the books on the general account of the Davis Boat & Oar Company. When this note matured, August 23d, it was renewed. Both these notes were discounted by Sarmiento & Co. The renewal note was never paid. September 13, 1893, a complaint was filed by Frank J. Sarmiento and Charles C. Bowen, as copartners, under the name of F. J. Sarmiento & Co., against the yacht Catherine C., under the provisions of the boat and vessel law of this State (2 How. Stat. § 8236). Upon the same day, the Davis Boat & Oar Company, with George S. Davis as surety, executed the bond required by the statute, in the sum of $7,200, and the vessel was released. Thereafter the Davis Boat & Oar Company filed its answer in the case. Upon the trial in the Wayne circuit court, before a jury, there was found to be due the complainants from the defendant the sum of $2,265.05, and that the same was a lien against the yacht Catherine C. at the time she was seized upon the claim of the complainants; and it was therefore ordered in the judgment record that the complainants recover against the Davis Boat & Oar Company, as well as against the surety upon the bond, the sum stated, with costs. Both parties appeal.

The claim of the complainants is that the court was in error in directing the jury that the last installment due upon the contract could not be recovered, because the yacht had not been completed at the time the lien was sought to be enforced. We think the court was correct upon that point, and the question will not be further discussed.

The defendants' contentions are that the complaint by which the proceedings were commenced does not allege that the vessel fell within the class of vessels named in the act, or that the contract was included in the class of contracts respecting which a lien may arise; that there is no allegation that the boat was used, or intended to be used, in navigating the waters of this State, or that the debt for which the lien is claimed was contracted by the owner or part owner, master, clerk, agent, or steward of such craft; and that the complaint gave the court no jurisdiction by reason of such omission.

Section 8236, 2 How. Stat., provides for a lien in case of "water-craft of above five tons burthen, used, or intended to be used, in navigating the waters of this State, * * * for all debts contracted by the owner or part owner, master, clerk, agent, or steward of such craft, * * * on account of work done * * * in or about the building, repairing, fitting, furnishing, or equipping such craft."

The complaint alleges:

"1. That said steam vessel is above five tons burthen, and is now lying at the port of Wyandotte, Wayne county, within the State of Michigan.

"2. That in or about the months of April, May, June, July, August, and September, 1893, the said vessel being in the course of construction at the said port of Wyandotte, your complainants, at the request of the Davis Boat & Oar Company, a Michigan corporation, then engaged in building said vessel, furnished labor and materials in and about the building, fitting, furnishing, and equipping of such craft."

The complaint also charges that there was $3,600 due over and above all payments, and that complainants claim a lien upon the vessel for such materials and work, under chapter 285, 2 How. Stat.

It will be seen that the complaint states that the vessel was above five tons burthen, but omits to state that it was used, or intended to be used, in navigating the waters of this State, and, as defendants contend, omits to state

that the debt for which the lien is claimed was contracted by the owner or part owner, master, clerk, agent, or steward of such craft. On the trial, upon motion of complainants' attorneys, the court permitted the complaint to be amended by adding the words, "The vessel was used, or intended to be used, in navigating the waters of this State;" and the contention here upon the part of the defendants is that the court was in error in permitting such amendment, upon the ground that the general statute of amendments (chapter 264, 2 How. Stat.) has no application to proceedings under the boat and vessel law, and that by section 8256, 2 How. Stat. (being a part of the boat and vessel law), no amendment to the complaint could be made except within 10 days after filing and service of answer or demurrer; and counsel for defendant Davis contend that they did not appear generally in the case, but specially, so far as Mr. Davis is concerned, and no amendment could be allowed so as to affect his interests.

We think the court was not in error in allowing the amendment. While this is a special statutory proceeding, yet such proceedings are amendable the same as in common-law actions. Amendments have been permitted in attachment proceedings, which are purely statutory; and in *Barber* v. *Smith*, 41 Mich. 144, it was said:

"This power to cure errors and irregularities by amendment is a useful one if wisely exercised, and, when no provision to the contrary is made, it applies as fully to attachment suits as to others; and the statute favors the opinion that no discrimination in principle has been intended on the subject, and that the design has been that proceedings by attachment should, so far as consistent with the nature of the remedy and the particular provisions supplied by the legislature, be subject to the same practice as other personal actions."

This rule was followed in *Kidd* v. *Dougherty*, 59 Mich. 244. We do not think it was the intent of the legislature, in adopting section 8256, 2 How. Stat. (being

section 22 of the boat and vessel law), that an amendment could not be made to a complaint except within 10 days after the filing and service of the answer or demurrer, but that this statute must be construed in connection with the general statute of amendments. Such amendments are permitted in furtherance of justice. So far as the amendment here affects the rights of Mr. Davis, we think, from the facts contained in the record, that, his attorneys having appeared and participated in the trial of the cause, such action must be construed as a general appearance, and the amendment, as against him, was therefore proper.

In answer to the claim that the complaint did not set forth that the debt for which the lien is claimed was contracted by the owner, part owner, master, clerk, agent, or steward of such craft, it appears that the Davis Boat & Oar Company was in charge of the building of this vessel. It collected the whole amount from the owner for the construction of the boat, and $2,800 for extras. It was apparently the sole agent of the owner for its construction, and let the contract to the complainants to furnish certain labor and materials therein. The complaint set forth that the work was done by complainants, and the materials furnished by them, at the request of the Davis Boat & Oar Company. This is a sufficient allegation that the debt for which the lien is claimed was contracted by the agent of such craft.

The contention made that by the taking of the note the lien was waived, we think, has no force. A note cannot be regarded as payment unless specially agreed to be so taken. Here was an amount due for labor and materials upon the Catherine C., as well as upon the Davis boat. The amount due upon each contract was certain and specific, and the mere fact that it was all included in one note cannot be regarded as payment, as there is no fact or circumstance which shows that it was the intent of the parties to treat this note as payment. The authorities are agreed that a note is not payment unless such was the

intention of the parties. *Gardner* v. *Gorham*, 1 Doug.
(Mich.) 507; *Jennison* v. *Parker*, 7 Mich. 365; *Dudgeon* v. *Haggart*, 17 Mich. 273. Neither would the
taking of the note be a waiver under the circumstances
here shown. *Moore* v. *The Fashion*, Newb. Adm.
49; *Phœnix Iron Co.* v. *The Hopatcong*, 127 N.
Y. 206; *McNeil* v. *The Pioneer*, 53 Fed. 279. It
is also held that a renewal of the note would not
be a waiver of the claimed lien. *Mott* v. *Lansing*,
57 N. Y. 112. The renewal note was not paid at its
maturity, and the complainants took it up, and tendered
a surrender of it to the defendant, as, undoubtedly, they
were bound to do before judgment and the fixing of
the lien upon the vessel. 1 Pars. Mar. Law, 502, and
note.

It is objected by defendants' counsel that Sarmiento ·&
Co. was a special partnership, and that by reason thereof
the suit, not being in the name of the general partner
alone, must fail. It appears that the partnership articles
were adopted between Mr. Sarmiento and Mr. Bowen on
March 23, 1887. This was a limited partnership, and
Mr. Bowen was a special partner thereunder. This partnership, by its terms, was to terminate on March 1, 1892;
and upon the trial it appeared that it had terminated before this contract was made. The rule is that, when a
limited partnership expires, the partners become general
partners if the business is continued by the partners.
1 How. Stat. § 2352. We think, therefore, that the
court was not in error in permitting the action to be
sustained in the name of both complainants.

We find no error in the record, and the judgment must
be affirmed.

The other Justices concurred.