# Staunton.

## WINGFIELD V. MCGHEE AND OTHERS.

### September 14, 1911.

1. LACHES—*Mere Delay Without Injury to Any One.*—Mere delay is
   not always to be considered laches; and if the facts and cir-
   cumstances of the case in judgment do not fully explain the
   complainant's delay in asserting her claim to a legacy given
   to her, it satisfactorily appears that the legacy has never been
   abandoned or paid, and that no injury will result to any one
   from subjecting to its payment the land upon which it is
   charged.
2. EQUITY PLEADING—*Answer Setting Up Affirmative Matter—
   Effect.*—Where an answer is not responsive to the bill, or sets
   up affirmative allegations of new matter in avoidance of the
   complainant's demand, and is replied to, the answer is of no
   avail as evidence in respect to such allegations, and the respond-
   ent is as much bound to establish the allegations by independent
   testimony as the complainant is to sustain his bill.
3. WILLS—*Legacy—Time of Payment.*—The requirement that a
   legacy charged upon land devised shall be paid when or as
   soon as convenient means that it is payable in a reasonable
   time, under all the circumstances of the case, and not that it
   shall never be paid, or not paid until after the death of the
   devisees.
4. APPEAL AND ERROR—*Suit to Subject Land to Legacy—Parties—
   Objection Not Made in Trial Court.*—Where land charged with
   the payment of a legacy has been conveyed by the devisees
   to a third person, and a suit is brought to subject the land to
   the payment of the legacy after the death of the devisees, and
   their personal representatives are not made parties, and there
   is no demurrer to the bill nor objection made in the trial court
   on that ground, and there is no suggestion that the devisees left
   any personal estate out of which the legacy could be paid
   even if their personal estate, under the facts of the case in
   judgment, would be liable for its payment, this court will not
   reverse the decree of the trial court subjecting the land to the
   payment of the legacy, on account of the absence of such per-
   sonal representatives.

Appeal from a decree of the Circuit Court of Appomattox county. Decree for the complainant. Defendant, Alexander S. Wingfield, appeals.

*Affirmed.*

The opinion states the case.

*H. D. Flood,* for the appellant.

*George E. Caskie* and *A. H. Clements,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This suit was brought by the appellee, Mrs. Mary J. McGhee, against the appellant, Alexander S. Wingfield, and others, to subject a tract of land owned by him to the payment of a legacy of $300, which, as is alleged, was a charge upon the said tract of land. The relief sought was granted, and from that decree this appeal was taken.

The record shows that Thomas Wingfield died during or before the year 1856, leaving a will, which was probated in the County Court of Appomattox county at its November term, 1856. The records of that court were destroyed by fire in the year 1892, and there is not, it seems, a complete copy of the will in existence. But an extract from and a memorandum of the contents of the will, made by an attorney and filed with his deposition in the cause, and a recital in the deed under which the appellant acquired title to the land sought to be subjected to the payment of the legacy show that Thomas Wingfield, by his said will, devised to his five daughters the said tract of land, and in the event of the death of any of them without lawful issue her interest in the property devised was to pass to the surviving daughter or daughters; and that he gave a legacy of three hundred dollars to the complainant, his granddaughter, then Linthicum, now McGhee, to be paid as soon as convenient,

and which was made a charge upon the land devised them. In the year 1881 four of the daughters of the testator, one of them having died without issue, conveyed the land to the appellant in consideration of services rendered and to be rendered in supporting and maintaining them. In that deed it is stated that they acquired title to the land under the will of their father, and that they further transferred and conveyed to the appellant "all our right, title and interest in and to the $300 charged upon our farm in favor of Mary J. Linthicum, which sum has never been paid, and which is to revert to us in case the said Mary J. Linthicum dies without a lawful heir."

In the year 1888, the appellant, in reply to a letter from the complainant, wrote to her that it was true that her aunts, one of whom was his mother, had conveyed the land to him for the purpose of compensating him for providing for the grantors during their lives, but with no intention whatever of depriving her of her legacy and expressing a willingness to cut off a part of the land to satisfy her legacy, or to do the best he could towards paying it in money.

The first error assigned is that the trial court erred in not sustaining the defense based upon the laches of the complainant in asserting her claim.

It is true that her right accrued nearly a half century ago, but it clearly appears from the admissions of the devisees of the land upon which it was charged that the legacy was still due and unpaid, and was fully recognized in the year 1881 when they conveyed the land to the appellant, and its validity as an existing liability upon the land is distinctly admitted by the appellant in his letter to the complainant in the year 1888.

It further appears that the parties whose duty it was to pay the legacy were closely related to the complainant; that the devisees were poor and afflicted, and never financially able to pay it without a sale, in whole or in part, of the land

upon which it was charged, and there is no pretense that the appellant ever paid anything on account of it.

Mere delay is not always to be considered laches. *Jamison* v. *Rixey,* 94 Va., at p. 347, 26 S. E. 861, 64 Am. St. Rep. 726. If the facts and circumstances already adverted to do not fully explain the complainant's delay in asserting her claim, it satisfactorily appears that her legacy has never been abandoned or paid, and that no injustice will result to anyone from subjecting to its payment the land upon which it is charged.

The answer of the appellant, which was under oath, after denying that the complainant's legacy was a charge upon the land, contains the following allegation: "But if the complainant ever had any claim upon the said real estate, respondent alleges and charges that this claim was settled years ago, and during the lifetime of the survivors of the said five daughters, and that a full and complete settlement was then arranged and entered into between the complainant, on the one hand, and the survivors of the five daughters, on the other hand, satisfactory to both parties, which completely and entirely settled the demand of the complainant."

The appellant introduced no evidence of any such agreement and settlement, but his contention is that the statement in his answer was under oath and responsive to the allegations of the bill, which did not waive answer under oath, and was, therefore, conclusive evidence that the legacy had been settled, as set out in the answer; and that the trial court erred in not so holding.

The statement in the answer was not responsive to any allegation of the bill, but set up new matter in avoidance of the complainant's claim. The burden was, therefore, on the appellant to prove such agreement and settlement by independent proof. It is well settled that where the answer is not responsive to the bill, or sets up affirmative allegations of new matter in avoidance of the complainant's demand,

and is replied to, the answer is of no avail as evidence in respect to such allegations, and the respondent is as much bound to establish the allegations by independent testimony as the complainant is to sustain his bill. *Vather* v. *Zane,* 6 Gratt. 246, 261; *Seitz* v. *Mitchell,* 94 U. S. 580, 24 L. Ed. 179; 1 Daniel's Chy. Pr., 844, note; 1 Barton's Chy. Pr., 419.

It is also insisted by the appellant that inasmuch as the complainant's legacy was made payable when or as soon as it was convenient for the devisees of the land to pay it, it was never a charge upon the land, since they were poor and afflicted and never able to pay it, or, if it was payable at all, it was not payable until after the death of the devisees.

Neither of these contentions can be sustained. The requirement that the legacy should be paid when or as soon as convenient meant that it was payable in a reasonable time, under all the circumstances of the case, and not that it should never be paid or not paid until after the death of the devisees. See *Chichester* v. *Vass,* 1 Munf. 98, 4 Am. Dec. 531; *Howe's Ex'or* v. *Woodruff,* 21 Wend. 640, 642; *Lewis* v. *Tipton,* 10 Ohio St. 88, 75 Am. Dec. 498; *Barnett* v. *Bullett,* 11 Ind. 310.

It is also insisted that the decree appealed from is erroneous because the personal representatives of the devisees of the land were not made parties to the suit. There was no demurrer to the bill nor objection made in the trial court on that ground. There is no suggestion that these devisees left any personal estate out of which the complainant's legacy could be paid, even if their personal estate, under the facts disclosed by the record, would be liable for its payment. We do not think that the decree should be reversed on that account.

Upon the whole case we are of opinion that there is no error in the decree appealed from to the prejudice of the appellant, and that it should be affirmed.

*Affirmed.*